UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BURVIN STEVENSON,

        Plaintiff,

v.

CASE NO. 05-73744-DT
HONORABLE PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

DR. GEORGE J. PRAMSTALLER, et. al.

        Defendants,
_____/

FILED
OCT 17 2005
CLERK'S OFFICE, DETROIT-PSG
U.S. DISTRICT COURT

## OPINION AND ORDER TRANSFERRING PLAINTIFF'S CIVIL RIGHTS COMPLAINT TO THE WESTERN DISTRICT OF MICHIGAN

Burvin Stevenson, ("plaintiff"), presently confined at the Crane Correctional Facility in Coldwater, Michigan, has filed a civil rights complaint in this district pursuant to 42 U.S.C. § 1983. In his complaint, plaintiff claims that he is being denied adequate medical care by the defendants. For the reasons stated below, the Court will transfer this matter to the Western District of Michigan for further proceedings.

### I. DISCUSSION

In the present case, plaintiff is incarcerated at the Crane Correctional Facility in Coldwater, Michigan, which is located in the Western District of Michigan. Plaintiff remains incarcerated at this facility and claims that he is being deprived of adequate medical care at this facility. The defendants named in the complaint reside in the Ingham County, Michigan, which is also in the Western District of Michigan.

Venue is in the judicial district where either all defendants reside or where the claim arose. *Al-Muhaymin v. Jones,* 895 F. 2d 1147, 1148 (6th Cir. 1990); 28 U.S.C. §

1391(b). For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where the action might have been brought. See *United States v. P.J. Dick, Inc.*, 79 F. Supp. 2d 803, 805-06 (E.D. Mich. 2000)(Gadola, J.); 28 U.S.C. § 1404(a). Venue of a lawsuit may be transferred *sua sponte* for the convenience of parties or witnesses. *Sadighi v. Daghighfekr*, 36 F. Supp. 2d 267, 278 (D.S.C. 1999).

The factors that guide a district court's discretion in deciding whether to transfer a case include: (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and interests of justice, based upon the totality of the circumstances. *Overland, Inc. v. Taylor*, 79 F. Supp. 2d 809, 811 (E.D. Mich. 2000)(Gadola, J.).

The Court concludes that both for the convenience of the parties and witnesses, as well as in the interests of justice, the present matter must be transferred to the Western District of Michigan. Plaintiff is currently incarcerated in the Western District of Michigan and the defendants also reside in this district. In cases in which a plaintiff's claims may require testimony or files that can be most easily obtained at or near the plaintiff's place of incarceration, "the district in which the institution is located will ordinarily be the more convenient forum." See *Joyner v. District of Columbia*, 267 F.

2

Supp. 2d 15, 20-21 (D.D.C. 2003)(quoting *Starnes v. McGuire*, 512 F. 2d 918, 931 (D.C. Cir.1974). The Court also notes that plaintiff seeks injunctive relief in this case. Considerations of justice and convenience require the transfer of plaintiff's claim for injunctive relief for his claim of alleged inadequate medical care to the Western District of Michigan, which is the location of plaintiff and his medical records. *See Bryant v. Carlson*, 652 F. Supp. 1286, 1288-89 (D.D.C. 1987). Finally, the witnesses and files necessary to prosecute these claims are located in the Western District of Michigan and the burden of transporting the plaintiff to this judicial district would be significant. For these reasons, transfer of this action to the Western District would be proper. *See Welch v. Kelly*, 882 F. Supp. 177, 180 (D.D.C. 1995). Accordingly, this matter will be transferred to the Western District of Michigan for further proceedings.

## II. ORDER

Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1404(a).

HON. R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

DATED: 10/17/05